**Gladys CARROLL, Plaintiff-Appellee-Cross Appellant,**

v.

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellant-Cross Appellee.**

No. 72–2296

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1972.

William Stafford, U. S. Atty., Pensacola, Fla., Michael H. Stein, Kathryn H. Baldwin, Dept. of Justice, Washington, D. C., for defendant-appellant.

David W. Palmer, Crestview, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

Mrs. Gladys Carroll, widow of Lewis Carroll, brought this suit pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of the final decision of the Secretary of Health, Education and Welfare denying her claim for disability and surviving widow's insurance benefits. The underlying Social Security claim has been shuffling between HEW and the courts for almost five years. When, if ever, the curtain drops on this litigation, it will certainly stand as a monument to babelized bureaucracy. It is therefore with great reluctance that we must add to this labyrinthine delay. Finding that the district court's order was erroneously entered, however, we are forced to remand the case for yet further proceedings.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

The maze of litigation thus far endured by Mrs. Carroll is uncomfortably reminiscent of Alice's trip through Wonderland. The peregrinations of her claim can, however, be chronicled in prose somewhat short of novel length. On March 12, 1968, Mrs. Carroll first applied for Social Security disabled widow's benefits based upon the earnings record of her husband, Lewis Carroll, who died in 1955. In order to succeed with her disability claim, under the statute it was necessary for her to establish disability as of March 31, 1962.[1] After her initial application was denied, a hearing was held on August 4, 1969. The hearing examiner found that Mrs. Carroll had in fact been disabled as of March 31, 1962. In addition, the hearing examiner found that Mrs. Carroll was born in 1910 which entitled her as of 1970 to social security benefits for surviving widows over 60, regardless of whether she was disabled in 1962.[2] On January 22, 1970, the Appeals Council, with certain additional evidence before it, reversed the hearing examiner on both findings and denied all benefits. The Council, whose decision is the final decision of the Secretary, found that Mrs. Carroll was born in 1914, not 1910, and that she was not disabled in 1962 under the terms of the statute.

Mrs. Carroll sought review of the Appeals Council's decision in the district court pursuant to 42 U.S.C. § 405(g). On March 25, 1971, the district court granted summary judgment for HEW on the disability claim but remanded the case for the taking of additional evidence on the issue of age. On August 27, with the consent of the Secretary, the district court entered an order modifying the March 25 order, permitting additional evidence to be taken on the disability claim as well as on the age claim. The court further ordered that the Secretary file the transcript of the additional evidence and the administrative decision with the court by December 1, 1971.

On November 5, 1971, the hearing examiner issued his recommended decision, holding that Mrs. Carroll was not disabled as of the 1962 eligibility date, but that she was born in 1910 rather than in 1914, and was therefore entitled under 42 U.S.C. § 402(e)(1)(B)(i) to benefits for widows over 60. Before passing on the examiner's supplemental findings, the Appeals Council again permitted Mrs. Carroll to submit additional evidence on the disability claim. In order to accommodate the claimant, the district court granted a time extension allowing the revised evidence and decision to be filed on January 1, 1972. Later, at the request of both parties the district court gave a further extension to February 1, 1972. The district court, beginning to react to the prolongation of this claim, on February 2, 1972, issued an order to show cause why the Secretary should not be held in contempt for failing to file the transcript and decision by the February 1 deadline. After a hearing on the show cause order the district court determined that contempt was not warranted because the claimant had caused much of the continued delay, and the court granted a further extension of time to March 22, 1972. The Secretary failed to meet this final deadline[3] and on March 30,

---

1. Section 202(e)(1)(B)(ii) of the Act, 42 U.S.C. § 402(e)(1)(B)(ii) provides that *the disability, if any, must begin before* the end of the period specified in § 202 (e)(5). In pertinent part, § 202(e)(5) provides that the period begins on the last day of the 84th month following the wage earner's death.

2. Section 202(e)(1)(B)(i), 42 U.S.C. § 402(e)(1)(B)(i) provides for surviving widow's benefits when the widow reaches age 60, regardless of any disabilities.

3. The Secretary makes the following explanation regarding the failure to meet the deadline:
"On February 29, 1972, the Appeals Council affirmed the hearing examiner's determination that claimant was not disabled when her insured status expired, but found, on the basis of census reports, one of which was not before the hearing examiner, that claimant was born on February 28, 1914, rather than 1910 as found by the hearing examiner.

1972, the perturbed district court entered the following order:

> "By order of this Court dated March 25, 1971, partial summary judgment affirming Defendant's decision on the issue of Plaintiff's disability was entered, but the case was remanded for further findings on the question of date of birth.

> "By order of this Court dated February 23, 1972, such modified or affirmed findings of fact and decision and additional transcript, if any there be, on such question were required to be filed in this Court on or before March 22, 1972.

> "None having been filed, the Court concludes that the initial determination by the Defendant that the birth date was April 28, 1910, has been found to be erroneous and that Plaintiff's birth date is established as February 28, 1910, as contended by Plaintiff.

> "Accordingly, it is

> Ordered that Defendant shall provide and pay to Plaintiff the widow's insurance benefits for which application has been made and to which Plaintiff would be entitled if her birthdate were February 28, 1910."

Neither party was satisfied with this order. The Secretary protested that the finding as to age eligibility was erroneous and that it was entered without waiting for the completed record. Mrs. Carroll, although content with the finding on the age question, continued to insist that the evidence supported her disability claim. Under 42 U.S.C. § 423(b), if she were found to have been disabled in 1962, she would be entitled to benefits from March 1, 1967, twelve months before her application for benefits was filed; thus, by refusing to find for claimant on the disability claim, the court in effect denied Mrs. Carroll approximately three years worth of benefits. Both parties moved the district court to reopen the case and by orders entered April 21 and May 15, 1972, the district court refused to reopen its judgment and consider the supplemental transcript. The Secretary filed his notice of appeal on May 26, 1972, and one last motion to reconsider, filed by Mrs. Carroll, was denied by the district court on June 14. Mrs. Carroll cross-appealed on June 9, 1972.

Mrs. Carroll, appellee and cross-appellant before this court, is opposing the Secretary's prayer for a remand. She is asking that we affirm the district court's finding as to her age, and additionally she urges us to review the record and reverse the Secretary's and district court's finding of non-disability under § 423.[4]

The Secretary urges that the correctness of the Secretary's decision is not before this court. Rather, the Secretary

"The Appeals Council's decision was transmitted to the United States Attorney on March 10, 1972, but through inadvertence was not immediately filed with the district court. However, because of a technical defect, the record of the remand hearing was unusually difficult to transcribe, and the Social Security Administration was unable to complete preparation of the transcript of the remand proceedings until March 23, the day after the court had ordered the decision and transcript filed. The transcript was received by the United States Attorney on March 27, and was filed with the court on April 5."

4. The claimant asks us to apply a standard of review whereby she would be entitled to prevail if there is "substantial evidence" in the record to sustain a finding of disability. The proper standard is "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). While it is clear that Mrs. Carroll introduced substantial evidence and would thereby prevail under her reading of the statute, her interpretation is erroneous. As long as there was substantial evidence to support the determination *made by the Secretary* (which we explicitly do not pass on here), the quantity of evidence submitted by the aggrieved claimant is irrelevant in terms of judicial review.

insists that the *district court* should review the Secretary's determination of non-disability and age in accordance with 42 U.S.C. § 405(g), which establishes the procedure and scope for judicial review of final determinations by the Secretary. That part of the statute urged by the Secretary to be applicable reads:

" * * * *As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.* The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. *The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive* * * * 

"The court * * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and *shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony* upon which his action in modifying or affirming was based. *Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision."* (emphasis supplied)

Although a remand can only place yet another hurdle in the path of Mrs. Carroll's epic struggle, we find the Secretary's argument irrefutable. By its order of March 25, 1971, the district court remanded the case to HEW because it felt that there was insufficient evidence to make a finding on the age issue. Despite its earlier entry of summary judgment, the district court in its order of August 27, 1971, also commanded HEW to make additional findings on the disability issue. After the numerous delays and extensions, the district court lost its patience and entered its order without waiting for the supplemental transcript, which it had earlier found would be necessary to make a proper finding.

In essence, the district court, desirous of putting an end to this protracted administrative extravaganza, penalized the Secretary for failing to meet the deadline and entered what was in effect a default judgment against the Secretary on the age issue. It also appears that the district court never reviewed the supplemental transcript that it had asked be prepared on both the age and disability claims.[5]

Rule 55(e) of the Federal Rules of Civil Procedure provides:

"No judgment by default shall be entered against the United States or any officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

---

5. Despite the August 27th remand for further findings on the disability issue, we are unable to find anything in the record to indicate whether the district court ever considered the supplemental evidence that was apparently taken on the disability question. In its order of May 15, 1972, the district court rejected a motion by both parties for reconsideration and rather cryptically recited:
"The Plaintiff, seeking also disinterment, presents a motion to vacate and a motion for summary judgment. In his brief in support of motion for summary judgment, argument is made respecting the evidence and this Court's prior conclusion on the evidence. As with the Defendant, it presents nothing sufficient to justify this Court's again reviewing and again considering this case."
Although the supplemental records had been filed prior to the May 15 order, there is nothing in either the order or the record to indicate that they were ever considered.

Although the district court's order of March 30, 1972, was not formally dubbed a default judgment, it is clear from the face of the order that it was entered as a result of the government's failure to meet the deadline. Rule 55(e) is designed to prevent a judgment from being entered against the government because of a procedural default, which is precisely what we find occurred here. In Campbell v. Eastland, 5 Cir. 1962, 307 F.2d 478, this court was faced with a default judgment entered by the district court against the government because of a procedural shortcoming on the part of the government. In his opinion vacating the default judgment, Judge Wisdom gave the following rationale for Rule 55(e):

> "The Rule rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant . . . ."

307 F.2d at 491. The private litigant in *Campbell* had a considerably weaker case to support the default entered in his favor, and therefore the default in *Campbell* was arguably less justified than that entered here. The reasoning in that opinion, however, is fully applicable here.

■ Rule 55(e) precludes entry of a default unless there is evidence establishing plaintiff's claim "satisfactory to the court." Here, by remanding for further factual findings on both questions, the district court clearly indicated that there was not sufficient evidence to conduct review under § 405(g). In its order of March 30, 1972, the district court entered judgment without the benefit of what it had earlier found to be necessary evidence. Since we find the judgment entered by the district court to be, in effect, a default judgment against the government, and since Rule 55(e) precludes entry of such a judgment unless there is sufficient evidence, the order does not pass muster under Rule 55(e).

The district court's order must therefore be vacated and the case remanded to the district court for reconsideration of Mrs. Carroll's claim on both the age and the disability questions. The district court is instructed to permit the filing of the supplemental administrative record and to conduct its review in accordance with 42 U.S.C. § 405(g).

In remanding this case we are sadly reminded of the words of the claimant's late husband's namesake:

> "Said the Queen, 'Now *here,* you see, it takes all the running you can do, to keep in the same place. If you want to get somewhere else, you must run at least twice as fast as that."

Lewis Carroll, Through the Looking Glass, p. 145 (Signet ed.). We regret forcing the plaintiff to take another step backwards, but such is our appellate duty.

Mrs. Carroll first presented the facts of her claim in 1968, but she has yet to receive a definitive determination of her eligibility. This inability of the judicial process to render decisions promptly upon the presentation of the facts is reminiscent of an observation made in one of literature's most famous trials:

> " 'Herald, read the accusation!' said the King.
>
> On this the White Rabbit blew three blasts on the trumpet, and then unrolled the parchment scroll, and read as follows:—
>
> 'The Queen of Hearts, she made some tarts,
>
> All on a summer day:
>
> The Knave of Hearts, he stole those tarts
>
> And took them quite away!'
>
> 'Consider your verdict,' the King said to the jury.
>
> 'Not yet, not yet!' the Rabbit hastily interrupted.
>
> *'There's a great deal to come before that.'* "

Lewis Carroll, Alice in Wonderland, p. 102–103 (Signet ed.). As did the Knave of Hearts, the claimant here must allow the judicial process to run its course.

Vacated and remanded.