Gerald W. KNOUFF and Heidi M. Knouff, his wife, Individuals, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 76–911.

United States District Court, W. D. Pennsylvania.

March 31, 1977.

James L. Weisman, Pittsburgh, Pa., for plaintiffs.

Jonathan M. Hoffman, U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

SORG, District Judge.

This Federal Tort Claims Act action arises out of the Air East-Allegheny Commuter airplane crash at the Johnstown-Cambria County Airport the evening of January 6, 1974. Plaintiff Gerald W. Knouff was the copilot of the aircraft involved and was among the injured survivors. Presently before the court are the following motions:

(1) Defendant's Motion to Dismiss, Reduce Ad Damnum and Motion to Strike.

(2) Plaintiffs' Motion to Strike Defendant's Motion to Dismiss, Reduce Ad Damnum and Motion to Strike and Answer and Counterclaim.

(3) Defendant's Motion for Sanctions.

 Because of its relation to the first of these motions, the second must be dealt with first. Plaintiffs' motion to strike is grounded on the uncontroverted fact that the defendant government's Motion to Dismiss, Reduce Ad Damnum and Motion to Strike, as well as its Answer and Counterclaim, were served beyond the 60 day period permitted by Rule 12(a) of the Federal Rules of Civil Procedure. No motion for enlargement pursuant to Rule 6(b) was or has been made by either party.

Rule 12(a) provides time limits within which a party to an action must serve an answer or reply to a pleading requiring a responsive pleading, or serve a motion raising certain defenses or objections permitted under the rule. Where a defendant, not the United States, fails to serve either his answer or motion within the time permitted by the rule and, without having obtained an enlargement as proved by Rule 6(b), subsequently serves the answer or motion, the defendant is in default, and the plaintiff's remedy is to apply for an entry of judgment by default pursuant to Rule 55. *Orange Theater Corp. v. Rayherstz Amusement Corp.,* 130 F.2d 185 (3d Cir. 1942). Where the United States is the delinquent defendant, however, this remedy is not available. *E. g., Carroll v. Secretary, Department of Health, Education & Welfare,* 470 F.2d 252 (5th Cir. 1972); *Greenbaum v. United States,* 360 F.Supp. 784, 789 (E.D.Pa. 1973). See also 6 J. Moore, Federal Practice, ¶ 55.12 (1976). Rule 55(e) provides:

JUDGMENT AGAINST THE UNITED STATES. No judgment by default shall be entered against the United States or an officer or agency thereof

unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

In the present case, the government contends that the plaintiffs' motion to strike is, in effect if not form, an application for entry of judgment by default. This court agrees. Were the motion to be granted, the United States would stand in the position of a defendant who has admitted the averments of the complaint, by operation of Rule 8(d). The entry of any judgment under such circumstances would clearly violate the mandate of Rule 55(e). See *Carroll v. Secretary, Department of Health, Educ. & Welfare*, 470 F.2d 252, 256 (5th Cir. 1972).

 In its first motion, the government has moved to dismiss the claim of Heidi M. Knouff, count 2 of the complaint, based upon the fact—which is both undisputed and apparent on the face of the complaint—that Mrs. Knouff did not file an administrative claim prior to instituting the present action for loss of consortium against the United States. Since presentation to and disposition by the appropriate federal agency is a jurisdictional prerequisite to the bringing of such a suit, 28 U.S.C.A. § 2675(a) (Supp.1976), and the time for filing such a claim has passed, 28 U.S.C.A. § 2401(b) (Supp.1976), this motion will be granted.

 The government has also moved that the claim for damages in the *ad damnum* clause of count 1 of the complaint be reduced from "in an amount in excess of $10,000.00," to "in the amount of two hundred and fifty thousand ($250,000.00) dollars," the amount of damages presented by Gerald W. Knouff to the Federal Aviation Agency. While it is true that Mr. Knouff may not recover any amount in excess of that presented to the FAA, 28 U.S.C.A. § 2675(b) (Supp.1976),[1] his *ad damnum* clause pleads his damages in accordance with Local Rule 30 of this district, and will not be altered.

---

1. Section 2675 does, however, provide for recovery of additional damages "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the

 The government's motion to strike from the complaint plaintiff's demands for a jury trial and for punitive damages will be granted, as the plaintiff is entitled to neither in this action against the United States. 28 U.S.C.A. §§ 2402, 2674 (1965).

The government's motion for sanctions will be dismissed, the parties having resolved their differences with respect thereto.

time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the claim."