**Linda CLAYTON, Plaintiff,**

v.

**Dr. S. P. PAZCOQUIN and The Veteran's Administration Hospital of Altoona, Pa., Defendants.**

Civ. A. No. 81–807.

United States District Court, W. D. Pennsylvania.

Dec. 15, 1981.

---

John Woodcock, Jr., Woodcock & Thomas, Hollidaysburg, Pa., for plaintiff.

Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

## MEMORANDUM

MARSH, District Judge.

On May 19, 1981, plaintiff filed in this court a "Complaint in Trespass" involving a tort claims procedure against a Federal agency and an employee of the agency acting within the scope of his employment. A summons was issued on June 22, 1981. It does not appear that the complaint and summons were served upon the defendants.

The complaint alleged that the negligence of the Veteran's Administration Hospital of Altoona, Pa., and its employee surgeon, Dr. S. P. Pazcoquin, caused her damages in excess of $10,000.00.

The tort claim also alleged that the "Defendant, United States of America, through its employees and through the Veteran's Administration, a federal agency, at all times hereinafter mentioned, did and now does operate a hospital . . . in the Township of Logan, County of Blair, and State of Pennsylvania." A jury trial was demanded.

Obviously, the tort claim is against the United States.[1]

On August 24, 1981, the United States Attorney filed a Motion to Dismiss upon the grounds that the court lacks jurisdiction over the subject matter, and the defendants[2] by reason of the plaintiff's failure to file an administrative claim pursuant to the Federal Tort Claims Act prior to filing the cause of action.[3]

Attached to the motion is an Affidavit of Homer D. Byrd, District Counsel, Veteran's Administration, stating: "That as of July 16, 1981, he has not, in his capacity as District Counsel, received a Standard Form 95, Claim for Damage . . . or other document from (the plaintiff) that could be construed as an administrative claim against the United States Government."

A memorandum of law accompanied the motion to dismiss. Both the memorandum and motion were served by mail on plaintiff's counsel.

On September 3, 1981, it was ordered that the plaintiff file a brief in opposition to the motion to dismiss within 20 days from the date of the order. The order was served by certified mail upon plaintiff's counsel.

---

1. Tort claims against the United States are tried by the court without a jury. 28 U.S.C.A. § 2402.

2. Rules 12(b)(1), 12(b)(2), and 12(h)(3), Fed.R. Civ.P.

3. 28 U.S.C.A. § 2675(a).

A hearing was fixed for October 21, 1981, rescheduled for November 24, 1981. At the hearing, no evidence was offered by either side.

Plaintiff's brief in opposition to the motion to dismiss was received on November 13, 1981.

The complaint alleges that the plaintiff was operated on in the Veteran's Administration Hospital by Dr. S. P. Pazcoquin, a surgeon in the hospital, in the course of his employment. The alleged negligence of the doctor caused the plaintiff, over a three year period, considerable pain, suffering, medical expenses, and loss of earnings, until August 12, 1979, when the alleged negligence of the defendant surgeon was corrected by surgery performed in the Boca Raton Community Hospital in Florida.

The complaint avers that the plaintiff did not discover the negligence of the defendant surgeon until August, 1979.

In these circumstances, the court considers this action to be a direct suit against the United States and thus this court has exclusive jurisdiction thereof as a matter of law. Title 28 U.S.C.A. § 1346(b); Title 38 U.S.C.A. § 4116.

█ In our opinion, the court is required to grant the motion to dismiss for lack of jurisdiction on three grounds: (1) the complaint does not allege that an administrative claim was presented to the Federal agency; (2) an administrative claim was not filed by the plaintiff within two years of August 21, 1979, when the plaintiff's cause of action accrued; and (3) personal service of the summons and complaint was not made upon the named defendants or upon the United States.

Following the hearing on November 24, 1981, the court wrote a letter to counsel for plaintiff and counsel for defendants:

"Gentlemen:

"It does not appear in the docket entries nor in the Clerk's file that the defendants, Dr. S. P. Pazcoquin and the Veteran's Administration Hospital of Altoona, Pa., were served with the complaint and summons; nor does it appear that the United States was served with the complaint and summons. Evidently, the United States Attorney acquired knowledge of the action because he filed a Motion to Dismiss on August 24, 1981.

"Will you advise by Affidavits that the defendants, Dr. S. P. Pazcoquin and the Veteran's Administration Hospital of Altoona, Pa., were served with the complaint and summons, and, if so, the date they were served and by whom they were served. I also want to know why the service of the complaint and summons, if any, does not appear in the Clerk's file."

Plaintiff's counsel did not respond to this letter. If the factual allegations in the complaint are correct, it is regrettable that the plaintiff is barred from recovering damages.

The Assistant United States Attorney responded by filing his affidavit which stated that neither the United States nor any defendant was served with a copy of the complaint and summons, but that the same were mailed to the Veteran's Administration Hospital of Altoona, Pa., "on or about July 13, 1981," and copies were mailed to the United States Attorney on July 17, 1981.

Although not in evidence, the court has been advised by the Assistant United States Attorney that a letter dated July 16, 1981 was sent to counsel for the plaintiff by the District Counsel, Homer D. Byrd, *inter alia*, quoting 28 U.S.C.A. § 2675(a) and enclosing a Standard Form 95, Claim for Damage, Injury or Death, and advised him to file an administrative claim on behalf of the plaintiff. A copy of this letter is attached hereto and marked Appendix "A."

The memorandum of law sent to the court by plaintiff's counsel does not assert that an administrative claim was filed by the plaintiff, but contends that since the "injury was not discoverable . . . until some three years following the injury, the plaintiff had the right to sue directly into the

courts and need not follow the administrative procedures." No authority was cited.[4]

We disagree.

In 28 U.S.C.A. § 2401(b), it is provided: "A tort claim against the United States is forever barred unless presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."

In *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970), it was held (p. 1220):

"First, there can be no question but that the filing of an administrative claim is an absolute prerequisite to maintaining a civil action against the Government for damages arising from a tortious occurrence due to the negligence of a federal employee . . . . (p. 1221) The mere filing of a suit does not meet the requirement of § 2675(a) of first presenting a claim to the appropriate Federal agency."

Plaintiff's claim accrued on August 21, 1979, Title 28 U.S.C.A. § 2401. Plaintiff had two years from August 21, 1979 to file an administrative claim with the Veteran's Administration but did not.

■ The Federal Tort Claims Act permits suits against the United States for torts committed by its employees while in the scope of their employment. However, it specifically requires an initial presentation of an administrative claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the act. Title 28 U.S.C.A. § 2675(a) provides that:

"An action shall not be instituted upon a claim against the United States for money damages for injuries . . . caused by the negligence or wrongful act or omission of any employee of the government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and the claim shall have been finally denied in writing . . . ."

"This requirement is jurisdictional and cannot be waived." *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971), citing *Driggers v. United States*, 309 F.Supp. 1377 (D.C.1970).

Title 28 of the Code of Federal Regulations, Chapter 1, Part 14, entitled "Administrative Claims Under Federal Tort Claims Act" provides in § 14.2:

"For purposes for the provisions of Section 2672 of Title 28 United States Code,[5] a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for . . . personal injury . . . alleged to have occurred by reason of the incident . . . ." (Emphasis supplied.)

No claim was made for "money damages in a sum certain for personal injuries." The complaint claims damages in excess of $10,000.00 which is an undetermined amount; nor was there any information supplied from which a "sum certain" could be computed.

In *Mudlo v. United States*, 423 F.Supp. 1373, 1376 (W.D.Pa.1976), it is stated: "A claim which does not set out the amount of damages sought is not a claim."

As heretofore stated, the complaint does not allege that an administrative claim was presented to the federal agency involved. In *Schultz v. Cally*, 528 F.2d 470, 474 (3d Cir. 1975), it is stated:

"It is hornbook law that the jurisdiction of the federal court must appear in plaintiff's statement of claim. *Joy v. City of St. Louis*, 201 U.S. 332, 340–41 . . . 1906. 'It is incumbent upon plaintiff properly to allege jurisdictional facts, according to the nature of the case . . . . He must allege in his pleading the facts essential

---

4. The letter of July 16, 1981, from District Counsel Byrd, enclosing Standard Form 95, if received by plaintiff's counsel evidently was ignored by him.

5. Under Title 28 U.S.C.A. § 2672, the head of each federal agency is authorized to process and settle claims for injury caused by any employee of the agency while acting within the scope of his authority.

to show jurisdiction.' *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182, 189."

See also *Knouff v. United States,* 74 F.R.D. 555 (W.D.Pa.1977).

Because two years have passed since Linda Clayton discovered her injuries were due to the defendants' negligence and her claim then accrued, her right of action has lapsed and this court does not have jurisdiction of the action. *Bialowas v. United States, supra.*

Finally, since it appears without denial that personal service of the summons and complaint was not made upon the defendants whose residences are in Pennsylvania, nor upon the United States, this court does not have jurisdiction over them. *Micklus v. Carlson,* 632 F.2d 227 (3d Cir. 1980). See 28 Fed.R.Civ.P., Rule 4(d)(1)(4)(5).

For the foregoing three reasons, an appropriate order will be entered dismissing plaintiff's complaint for lack of jurisdiction.

### APPENDIX A

July 16, 1981

311/02

Woodcock & Thomas

Attorneys at Law

ATTN: John Woodcock, Jr., Esq.

507 Allegheny Street

Hollidaysburg, PA 16648

Dear Mr. Woodcock:

On Tuesday, July 14, 1981, this office was provided with the Summons and Complaint served on the VA Medical Center, Altoona, PA, on July 13, 1981. This Summons and Complaint is with reference to the action captioned "Linda Clayton, Plaintiff, vs. Dr. S. P. Pazcoquin, and The Veterans Administration Hospital Of Altoona, Pa., Defendants" and filed at civil action No. 81–0807 in the U. S. District Court For The Western District Of Pennsylvania.

Your attention is directed to 28 U.S.C.A. Section 2675(a) which provides as follows:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

It is noted that the aforementioned Complaint does not contain an assertion that an administrative claim, as required by 28 U.S. C.A. 2675(a), has been filed nor does this office have a record of such an administrative claim having been received by the Veterans Administration.

I am taking the liberty of enclosing a Standard Form 95, Claim For Damage, Injury Or Death. Should you elect to file an administrative claim with the Veterans Administration, this Standard Form 95 should be completed in its entirety and forwarded directly to this office. In an effort to insure that any SF 95 that you may elect to submit constitutes a valid and proper administrative claim, your attention is directed to the requirements set forth in 38 CFR 14.604(b). The SF 95 may be signed by the claimant, Linda Clayton, or you may, as her legal representative, elect to sign this form. Should you elect to affix your signature to this form, please insure that 38 CFR 14.-603(a)(5) is fully complied with.

With reference to applicable time restraints pertinent to the filing of an administrative claim, please see 28 U.S.C.A. Section 2401(b).

Should you elect to file an administrative claim with the Veterans Administration, you should submit the following evidence or information with that claim or as soon after the filing of that claim as practical. Authority for requesting this evidence and information may be found at 38 CFR 14.-607(b). Please provide the following:

(1) A written report by Ms. Clayton's attending physician setting forth the nature and extent of treatment, any degree of temporary or permanent dis-

ability, the prognosis, period of hospitalization, and any diminished earning capacity arising as a result of the alleged negligence of the Veterans Administration.

(2) Itemized bills for medical and hospital expenses incurred, or itemized receipts of payment for such expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment should be rendered.

(4) If Ms. Clayton is claiming loss of time from employment, you should submit a written statement from her employer showing actual time lost from employment, whether she is or was a full-time or part-time employee, and wages or salary actually lost.

(5) If Ms. Clayton is claiming loss of income, and she has been or is self-employed, you should provide documentary evidence showing the amount of earnings actually lost.

(6) You should provide a medical opinion that establishes that at the time of the August 12, 1976 surgery allegedly accomplished at the VA Medical Center, Altoona, PA, that the claimant's right ovary was, in fact, so diseased that the reasonably prudent surgeon would have surgically removed that organ.

(7) In addition to the foregoing, you are requested to provide any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed to include, but not necessarily restricted to, the following:

(a) A chronological listing of any and all medical treatment and/or hospitalizations, whether inpatient or outpatient, that Ms. Clayton may have had during the period August 9, 1976 to the current time. You must provide the name and address of all treating physicians as well as the name and address of all hospitals or clinics which may have provided such treatment. Specifically set forth the inclusive dates of treatment provided Ms. Clayton by each such physician, hospital, clinic, etc., etc. You must also provide this office with a legally sufficient authorization for the release of medical information, signed by Ms. Clayton, so as to enable this office to secure the complete and accurate records of any such treatment provided to Ms. Clayton during the period August 9, 1976 to the present.

Upon receipt of a valid administrative claim and submission of the information requested above, this office will undertake an investigation of this matter.

The Complaint and Summons, noted above, are being referred to the U. S. Attorney's Office, along with a request that appropriate action be taken to have this civil action dismissed as a result of Ms. Clayton's failure to comply with 28 U.S.C.A. Section 2675(a).

Should you have questions regarding this matter, you may contact me at the above address or telephone me at (412) 644–6670.

Sincerely yours,

HOMER D. BYRD

District Counsel

HDB:sjl