Alberta STRINGER, Plaintiff,

v.

Margaret M. HECKLER, Secretary,
Department of Health and Human
Services, Defendant.

Civ. A. No. 81–0268–P(J).

United States District Court,
W.D. Kentucky,
Paducah Division.

Oct. 21, 1983.

Defendant's Motion to Reconsider
Denied Jan. 25, 1984.

Stephen Smith, McMurry & Livingston,
Paducah, Ky., for plaintiff.

Ronald Meredith, U.S. Atty., Louisville,
Ky., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

This matter is before the court on the motion of the plaintiff, Alberta Stringer, a supplemental security income (SSI) disability claimant, to require the defendant, Margaret M. Heckler, Secretary, Department of Health and Human Services, to show cause why she should not be held in contempt for failure to reconsider Stringer's claim within a reasonable time after the remand of her claim by this court, *sua sponte*. In the March 25, 1983 opinion, the court found no substantial evidence to support the Secretary's denial of SSI benefits and held that "... plaintiff (Stringer) carried her burden of showing that she suffers an impairment precluding her from engaging in substantial gainful activity (cites omitted)." (Opinion at 13). The court, however, in deference to the Secretary, remanded this matter to afford the Secretary the opportunity to show that Stringer was capable of performing substantial gainful activity.

The Secretary failed to transmit a copy of the court's remand order to her office of hearings and appeals until September 27, 1983, over six months later, despite the conscientious and persistent efforts of claimant's counsel to expedite the reconsideration. (Ponton Affidavit, 10/4/83, at 2). It is apparent that the Secretary took no action to cure her delay until Stringer filed this motion with the court. The Secretary claims the delay resulted from "confusion" and "excusable neglect not rising to the level of contempt." The court finds this bureaucratic insensitivity irresponsible.

■ While not provided for by the Federal Rules of Civil Procedure, a show cause motion is a common means to obtain expeditious handling of a matter within the court's jurisdiction. *See, e.g., Wilcher v. Wilcher*, 566 S.W.2d 173, 175 (Ky.App. 1978). The court set no deadline for the Secretary's reconsideration of this matter, however, certainly she must examine the claim within a reasonable time. While the Secretary provides no self-imposed administrative deadline for reconsideration of a claim following the court's remand, it follows that such a determination shall be made at least as expeditiously as required for the initial hearing. *See* 20 C.F.R. § 416.1483.

In compliance with the mandate of the United States Court of Appeals for the Sixth Circuit, *Blankenship v. Secretary*, 587 F.2d 329 (6th Cir.1978), Chief Judge Charles Allen of this district tentatively approved the Secretary's final regulation setting a 165 day time limit for hearing SSI benefit appeals upon the state agency's denial of benefits. *Blankenship v. Secretary*, 517 F.Supp. 77 (W.D.Ky.1981). The Secretary arrived at this number after being advised by the Sixth Circuit that 220 days between a claimant's request for hearing and issuance of a decision is *unreasonable*. *Blankenship v. Secretary*, 587 F.2d at 334.

In this case, 184 days elapsed from the remand by this court for reconsideration until the Secretary forwarded this matter from her office of general counsel to her office of hearings and appeals for reconsideration. (Ponton Affidavit, 10/4/83, at 3). The Secretary now urges the court that she will expedite this matter. *Id.* The regulatory schedule and the court's docket show that even if this matter is expedited, it will be over 220 days before the hearing officer will render his decision.

■■ The court first notes that its order remanding this action to the Secretary is interlocutory. *See e.g., Barfield v. Weinberger*, 485 F.2d 696, 698 (5th Cir. 1973); *Dalto v. Richardson*, 434 F.2d 1018 (2d Cir.1970), *cert. denied*, 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330; *Bohms v. Gardner*, 381 F.2d 283, 285 (8th Cir.1967), *cert. denied*, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164; *Mayersky v. Celebreeze*, 353 F.2d 89 (3d Cir.1965); *Marshall v. Celebreeze*, 351 F.2d 467 (3d Cir.1965). No final judgment has been rendered. It is recognized that the prevention of delays in the processing of claims after remand are best attended to by the remanding court. *Zambrana v. Califano*, 651 F.2d 842, 844 (2d

Cir.1981). When SSI claimants experienced seven to eleven month delays in obtaining court ordered reconsideration upon remand, the United States Court of Appeals for the Second Circuit observed that

> [t]he remanding court is vested with equity powers and, while it may not "[intrude] upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action."

*Ford Motor Co. v. N.L.R.B.*, 305 U.S. 364, 373, 59 S.Ct. 301, 307, 83 L.Ed. 221 (1939). Accordingly, it may when appropriate set a time limit for action by the administrative tribunal and this is often done. [cites omitted].

*Zambrana v. Califano*, 651 F.2d at 844. Since the Secretary has exceeded her own and this circuit's definition of "reasonable" time to afford this claimant reconsideration of her claim, it is appropriate for the court to consider how best to "... adjust its relief to the exigencies of the case ...." *Id.*

Following significant delays by the Secretary after remand of a disability and widow's benefit action for additional proof and reconsideration in *Carroll v. Secretary*, 470 F.2d 252 (5th Cir.1972), the district court entered a default judgment against the Secretary, awarding benefits to the claimant. Relying on Federal Rule of Civil Procedure 55(e), the United States Court of Appeals for the Fifth Circuit disapproved of the district court's judgment in *Carroll* because the court defaulted the Secretary for a procedural default absent evidence establishing plaintiff's claim. *Carroll v. Secretary*, 470 F.2d at 256.

Rule 55(e) provides that "no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e). Accordingly, default judgments against the federal government are not precluded under the rule and may be entered in accordance with these requirements. *Giampaoli v. Califano*, 628 F.2d 1190, 1194, (9th Cir.

1980). Faced with facts paralleling this action, the appellate court in *Giampaoli* affirmed the district court's judgment in favor of the claimant where she established a *prima facie* case for social security benefits and the Secretary failed to reconsider the claim after remand within a reasonable time (five months). *Id.* Under the circuit court's rationale, ruling was a judgment on the merits, rather than a default judgment, because the claimant satisfied the requirement of establishing her claim. *Id.* This approach has been recognized in this district and adopted within this circuit. *Peveler v. Schweiker*, 557 F.Supp. 1048, 1050 (W.D.Ky.1983) (Gordon, J.); *Johnson v. Harris*, 512 F.Supp. 339 (S.D.Ohio 1981) (Rice, J.), *Estes v. Harris*, 512 F.Supp. 1106 (S.D.Ohio 1981) (Rice, J.).

Title 42 of the United States Code, Section 1382c(a)(3)(B) requires that an individual be found disabled "... if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." To satisfy this requirement, the claimant must show that she suffers from a severe impairment and is unable to do the type of work in which she formerly engaged. 20 C.F.R. § 416.961. Once she has made such a showing, the burden shifts to the Secretary and the latter must demonstrate other types of work which the claimant is capable of doing. *Kirk v. Secretary*, 667 F.2d 524, 529 (6th Cir.1981), *citing, Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980).

In this action, the court previously found that Stringer met her burden of proof. As stated in the opinion:

> In summary, the court finds no evidence that Alberta Stringer is currently engaged in substantial gainful activity. At this juncture, the court does not find that the combined impairments and pain suffered by Mrs. Stringer is necessarily disabling under the Act. However, this court does find that plaintiff carried her

burden of showing that she suffers an impairment precluding her from engaging in substantial gainful activity for 12 continuous months. The evidence in the record does not support the ALJ's finding that the plaintiff is capable of performing her relevant past work nor that she is necessarily capable of performing light work. The evidence relied upon by the ALJ does not rise to the level of substantial evidence. *Jackson v. Richardson*, 449 F.2d 1326, 1330 (6th Cir. [5th Cir.] 1971).

(Opinion at 15).

■ Accordingly, the burden shifted to the Secretary to show that Stringer is capable of performing work in the national economy. Generally, where an individual's claimed disability consists entirely of limited functional capacity caused by a severe, medically determinable impairment, the Secretary sustains her burden by taking administrative notice of the existence of jobs in relation to functional capacity, age, education, and prior work experience. Application of these factors through the medical-vocational guidelines (the "grid") at 20 C.F.R. Part 404, Subpart P, Appendix 2, dictates a determination of disabled or not disabled. 20 C.F.R. § 416.969. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Kirk v. Secretary*, 667 F.2d at 530–31.

As discussed in the court's March 1982 opinion, Stringer's psychological disorder presents a significant nonexertional impairment and the Secretary cannot rely on the grid in this case. The grid specifically disclaims an ability to predict disability when nonexertional limitations are the focus of the claimant's impairment. *Kirk v. Secretary*, 667 F.2d at 528. In making her final decision, it was incumbent on the Secretary to make a non-grid determination of whether Stringer is disabled and the United States Court of Appeals for the Sixth Circuit suggests that such a determination is ordinarily to be based on vocational expert testimony. *Kirk v. Secretary*, 667 F.2d at 540. Moreover, the Secretary's finding that Stringer is capable of light work as defined by the regulations is not supported by substantial evidence. The Secretary failed to meet her burden of showing that Stringer is capable of substantial gainful activity. Entry of summary judgment pursuant to Rule 56 and/or default judgment pursuant to Rule 55(e) at this juncture in favor of the claimant is appropriate. *Giampaoli v. Califano*, 628 F.2d at 1194.

An appropriate order is entered today granting Stringer's motion for summary judgment and remanding this matter to the Secretary for an award of benefits from the onset of Stringer's disability, June 1980.