**Queen Esther WILLIAMS, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. 79 Civ. 4007 (MEL).**

United States District Court,
S. D. New York.

Dec. 19, 1979.

Queen Esther Williams, pro se.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, New York City, for defendant; Stanley D. Davis, Asst. U. S. Atty., of counsel.

**LASKER, District Judge.**

Queen Esther Williams appeals from a decision of the Secretary of Health, Education and Welfare denying her claim for disability insurance benefits. HEW held a hearing on Williams' claim just over a year ago, on December 5, 1978. Four months later, on April 10, 1979, her claim was denied, and on May 9th the Appeals Council informed her, by form letter, that "a careful study" of (among other things) "the record before the administrative law judge," disclosed no basis for granting her request for review of the decision denying her claim.[1]

Williams filed her *pro se* complaint on July 5, 1979. A summons was issued by the Clerk of the Court on August 2nd, but not served on the United States Attorney (as counsel for HEW) until September 7th.[2] The United States Attorney requested and was granted an extension of time in which to answer the complaint, because it could not obtain from HEW a copy of the administrative record (which must be filed with the answer, 42 U.S.C. § 405(g)) quickly enough to prepare an answer within the sixty days provided under Rule 12(a), Fed. R.Civ.P. Such extensions are invariably requested in matters of this sort, because despite the mandate of Rule 12 "HEW is unable to produce a transcript of the administrative proceeding in less than an average of 120 days from the filing of the complaint."[3]

The Secretary's extended time to answer has now passed. In lieu of an answer, the Secretary has filed a motion to remand this matter to HEW for a *de novo* administrative hearing, because HEW has discovered that the tape recording of the original hearing, held over a year ago, is inaudible, and therefore no transcript of the hearing can

1. Letter of May 9, 1979, from Harriet Simon, of the Appeals Council, to plaintiff, filed with the complaint.

2. It is not clear what caused the delay of two months between the filing of Williams' complaint with the pro se clerk's office and service of the summons on the United States Attorney, although the United States Marshal's office is apparently partly responsible for it. See letter of November 14, 1978, from Naomi Reice Buchwald, Chief of the Civil Division of the United States Attorney's Office for the Southern District of New York, to the court. (A copy of this letter is docketed and filed with this memorandum opinion.)

3. *Id.* at 2.

be prepared. The motion must be granted, not only because the statute requires that the court shall, "on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary," 42 U.S.C. § 405(g), but because in the absence of a record there is quite obviously nothing to review. It is disturbing, however, to do so.

The United States Attorney's Office in this district has shown great solicitude for individuals seeking review of HEW determinations, and its efforts to expedite their cases must be applauded. Those efforts will come to naught, however, so long as HEW itself fails to demonstrate a similar solicitude. It is inexcusable that the plaintiff here, whose claim was originally heard a year ago, should now be required to start all over again and run the gamut of HEW procedures for a second time. If this were an isolated example of undue delay in the adjudication of claims for disability benefits, it would be bad enough. Such incidents, however, are so frequent that they may be the rule rather than the exception.

The delay which must now ensue in disposing of Williams' claim is all the more inexcusable in light of the Appeals Council's purported "careful study . . . [of] the record before the administrative law judge." It is difficult to conceive of a "careful study" of an inaudible tape, and more difficult to imagine why, if such a study was in fact conducted, a *de novo* hearing was not held months ago. We suspect, however, that the Appeals Council did not here, and does not generally review the oral record of administrative proceedings, since a transcript of such proceedings is usually not prepared until a claimant files suit in federal court.[4]

In sum, judicial review of the decision denying Williams' claim for disability benefits has been inexcusably delayed for over a year. It makes no difference whether that decision was correct or not. A claimant is entitled not only to have an incorrect decision reversed, but to have a correct one upheld in a reasonably prompt manner, so that he or she can get on with the ordinary business of living. The stakes are unusually high for claimants in cases such as this, since they are normally not people of means and the scope of their future may well depend on the outcome of the case. A class of cases which so profoundly affects large numbers of less fortunate members of society ought logically to be granted preferential treatment. Such cases are certainly entitled to, and certainly should be processed by the Government with ordinary dispatch.

For the reasons stated, the defendant's motion is granted, and this matter is remanded to the Secretary for *de novo* consideration. The Secretary is ordered to give this case precedence over all other matters of a similar nature, and, if it is again determined that the plaintiff is not entitled to benefits, to prepare a transcript of the hearing immediately, so that judicial review of that determination can be obtained expeditiously.

It is so ordered.

---

4. *Id.* ("[I]n order to minimize expense, HEW does not prepare a transcript of the proceeding until a court challenge is commenced."). HEW regulations apparently do not require the Appeals Council to review the record unless "new and material evidence is submitted with the request for review." 20 C.F.R. §§ 404.947a, 416.1465 (1979). However, if no such review is in fact undertaken, claimants should not be informed, as Williams was, that it had been.