651 F.2d 842
 Adelina ZAMBRANA, Anibal Soberal-Perez, Maggie Roberts,
Jesus Diaz and Luis Velez, on behalf of themselves
and all others similarly situated,
Plaintiffs- Appellants,
Jenny Laurence, Plaintiff-Intervenor-Appellant,
v.
Joseph CALIFANO, individually and as Secretary of Health,
Education and Welfare of the United States, and Stanford
Ross, individually and as Commissioner of the Social
Security Administration, Defendants-Appellees.
 No. 871, Docket 79-6103.
 United States Court of Appeals,
Second Circuit.
 Argued April 2, 1981.
Decided June 15, 1981.
 
 Kalman Finkel, New York City (The Legal Aid Society, New York City, John E. Kirklin and Arthur J. Fried, New York City, of counsel), for plaintiffs-appellants.
 Edward R. Korman, U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Harvey M. Stone and Richard P. Caro, Asst. U. S. Attys., Brooklyn, N. Y., of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and MALETZ, Judge.*
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Plaintiffs appeal from an order of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, J., dismissing their class action under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-31 and 1381-83c, to secure timely disposition of claims which have been remanded to the Social Security Administration (SSA) by a federal court for further proceedings. Plaintiffs sought declaratory and injunctive relief compelling the SSA to decide disability claims on the merits within 120 days of remand and non-disability claims within 90 days, and to pay benefits to those whose claims were not decided within those periods.
 
 
 2
 This action is a sequel to our decisions in Sharpe v. Harris, 621 F.2d 530 (2d Cir. 1980), Barnett v. Califano, 580 F.2d 28 (2d Cir. 1978), and White v. Mathews, 559 F.2d 852 (2d Cir. 1977), cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978). In those cases we held that substantial delays experienced by disability claimants in obtaining initial administrative hearings were unlawful, and affirmed the imposition of uniform time requirements for the scheduling and holding of those hearings. Judge Nickerson held, however, that the considerations which justified the imposition of uniform time requirements at the initial hearing stage did not apply at the post-remand stage, and dismissed the complaint. We affirm.
 
 
 3
 At the time this action was commenced, plaintiffs, each of whose claims had been remanded to the SSA for further proceedings, had been waiting from seven to eleven months for a redetermination of their claims. However, they had not sought relief from the remanding courts. Instead, they instituted the instant action on behalf of themselves and a proposed nationwide class of claimants who have had their claims remanded to the SSA for further proceedings other than the payment of benefits. Plaintiffs alleged that the delays routinely experienced by members of the proposed class violated the Social Security Act and its implementing regulations, the Administrative Procedure Act, 5 U.S.C. §§ 554, 555, and the Due Process Clause of the Fifth Amendment.
 
 
 4
 Plaintiffs moved for class certification, a preliminary injunction granting them provisional benefits, and an order granting Jenny Laurence leave to intervene. Defendants cross-moved to dismiss the action for lack of jurisdiction. On May 17, 1979, Judge Nickerson granted the motion to dismiss, holding that the prevention of delays in the processing of claims after remand would be attended to best by the remanding courts. We find no error here.
 
 
 5
 A district court reviewing a final HEW decision pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function. Igonia v. Califano, 568 F.2d 1383, 1387 (D.C.Cir.1977). If additional testimony is needed for the proper performance of this function, the court obtains it by remanding the case to the Secretary. Id.; Carnevale v. Gardner, 393 F.2d 889, 891 n.1 (2d Cir. 1968); Kerner v. Flemming, 283 F.2d 916, 922 (2d Cir. 1960). A district court order which neither grants nor denies the relief sought, but instead remands to the Secretary for further consideration, is an interlocutory order. Dalto v. Richardson, 434 F.2d 1018 (2d Cir. 1970), cert. denied, 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971). See Good v. Weinberger, 389 F.Supp. 350, 351 (W.D.Pa.1975).
 
 
 6
 The remanding court is vested with equity powers and, while it may not "(intrude) upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action." Ford Motor Co. v. NLRB, 305 U.S. 364, 373, 59 S.Ct. 301, 307, 83 L.Ed. 221 (1939). Accordingly, it may when appropriate set a time limit for action by the administrative tribunal, and this is often done. See, e. g., McBride v. Smith, 405 F.2d 1057, 1061 (2d Cir. 1968); Igonia v. Califano, supra, 568 F.2d at 1389; Williams v. Secretary of HEW, 481 F.Supp. 69, 71 (S.D.N.Y.1979).
 
 
 7
 Generally, principles of comity and judicial economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts. Bergh v. State of Washington, 535 F.2d 505, 507 (9th Cir.), cert. denied, 429 U.S. 921, 97 S.Ct. 318, 50 L.Ed.2d 288 (1976); Common Cause v. Judicial Ethics Committee, 473 F.Supp. 1251, 1253-54 (D.D.C.1979); Torquay Corp. v. Radio Corp. of America, 2 F.Supp. 841, 844 (S.D.N.Y.1932). In this area of the law, "an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952).
 
 
 8
 Although plaintiffs indicated to the district court their willingness to limit the class to residents of New York State, such a reduction in the size of the class would not eliminate the problems that would be created by duplication of judicial supervision and control. Moreover, the difficulties that influenced the district court have been exacerbated as a result of litigation presently pending in the Sixth Circuit. See Blankenship v. Secretary of HEW, 587 F.2d 329 (6th Cir. 1978). In that case the circuit court ordered the Secretary to "(formulate) rules and regulations establishing reasonable time limits for conducting hearings for the OASDI and SSI programs" and to submit them to the district court for approval. Id. at 336. Following remand to the United States District Court for the Western District of Kentucky, Chief Judge Charles M. Allen approved the publication of proposed regulations. See 45 Fed.Reg. 12,837 (Feb. 27, 1980). On October 1, 1979, the Secretary voluntarily began to implement the time limits contained in the proposed regulations in order to determine the degree of compliance that could be achieved. On the basis of the operating experience thus obtained, the regulations were subsequently amended and were signed by the Secretary on August 21, 1980.
 
 
 9
 On April 21, 1981 Chief Judge Allen granted the Secretary's motion to allow publication of the regulations as final, with the proviso that the Secretary amend them to provide for an effective enforcement mechanism and submit the amendment to the court for approval. Blankenship v. Secretary of Health and Human Services, 517 F.Supp. 77 at 82 (W.D.Ky.1981). Publication of the final regulations is being withheld pending compliance with the court's order.
 
 
 10
 It appears likely that there will shortly be uniform HEW (now HHS) rules, nationwide in scope and application. Without expressing any view as to the desirability of the precise time limits prescribed in these rules, we think that such a national solution to the problem of time limits is eminently desirable. In any event, since there is a clear remedy available to plaintiffs here in the district courts that originally remanded their individual cases to SSA, we would affirm the judgment of the district court on that ground alone, rather than have Judge Nickerson supervise the prompt disposition of remands from scores of other judges.
 
 
 11
 The order appealed from is affirmed.
 
 MALETZ, Judge, dissenting:
 
 12
 In my view, the district court exceeded its discretion in declining to exercise jurisdiction.
 
 
 13
 There is no doubt that a district court has and may properly exercise mandamus jurisdiction under 28 U.S.C. § 1361 to entertain actions seeking class-wide injunctive relief from delays by the Secretary in providing the initial hearings for determination of cases arising under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-31 and 1381-83c. Sharpe v. Harris, 621 F.2d 530 (2d Cir. 1980); Barnett v. Califano, 580 F.2d 28 (2d Cir. 1978); White v. Mathews, 559 F.2d 852 (2d Cir. 1977), cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978). It is quite true that Sharpe, Barnett and White were not cases seeking relief from post-remand delays by the Secretary, as is the case here. But I fail to see any meaningful distinction between a delay at the initial hearing stage as compared to one at the post-remand stage.
 
 
 14
 Moreover, an order providing for a general time limit for the holding of administrative hearings upon the remand of Title II and Title XVI claims can be readily structured so as to avoid any interference with the discretion of the individual remanding judge. Indeed, the regulations preliminarily approved by Judge Allen in Blankenship establish a general time limit to apply in all remanded cases, unless the remanding court orders otherwise. This approach, be it embodied in a court order or in a regulation, permits the remanding judge to set individual time limits as needed. Thus the district court here could have prescribed a general time limit for administrative hearings on remand, while leaving unfettered the broad discretion of the individual remanding judge to vary that limit depending on the circumstances of the particular case.
 
 
 15
 Such an order, however, would not be timely at this juncture. This is because the Secretary of HHS has, pursuant to the mandate of the Blankenship court, published proposed nationwide regulations prescribing, among other things, a time limit for administrative hearings on remand. Final publication of these regulations may well dispose of the precise issue before us.
 
 
 16
 Given these circumstances, no purpose would be served were the district court to order the Secretary to promulgate regulations as to time limits on remand since that process is well under way. Also, an order by the district court itself establishing time limits would run the risk of fixing local time limits at variance with those the Secretary is preparing to promulgate on a nationwide basis.
 
 
 17
 Thus, I believe the district court should have stayed the present action pending approval by the Blankenship court of HHS' proposed regulations and their promulgation in final form. See, e. g., Landis v. North American Co., 299 U.S. 248, 254-56, 57 S.Ct. 163, 165-66, 81 L.Ed. 153 (1936); Taunton Gardens Co. v. Hills, 557 F.2d 877, 878-79 (1st Cir. 1977); Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 982 (2d Cir. 1975); White Motor Corp. v. International U., U.A., A. & A.I.W., 491 F.2d 189 (2d Cir. 1974). In the event the final regulations fail to materialize or contain a time limit for hearings on remand that is claimed to be excessive, this case could then be considered by the district court on the merits.
 
 
 18
 I would vacate the order of dismissal and remand the case to the district court with directions to enter an appropriate stay.
 
 
 
 *
 Of the United States Court of International Trade, sitting by designation