Timothy ENGELHART, Plaintiff,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. No. 82–1054.

United States District Court, D. South Dakota, N.D.

March 3, 1983.

William A. Bowen, Rice & Bowen, Aberdeen, S.D., for plaintiff.

Ray P. Murley, Asst. U.S. Atty., Sioux Falls, S.D., for defendant.

---

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

Plaintiff has appealed the decision by defendant Secretary of Health and Human Services to discontinue the disability payments plaintiff received under the Social Security Act, 42 U.S.C. § 423. The decision to discontinue payments was made by an Administrative Law Judge on May 20, 1982, following a hearing in Aberdeen, South Dakota, on May 5, 1982. Plaintiff exhausted his administrative appeals. This court has jurisdiction over the appeal under 42 U.S.C. § 405(g) and 28 U.S.C. § 1331.

Plaintiff filed his complaint on November 1, 1982. On December 30, 1982, defendant moved for an extension of thirty days in which to file an answer, because the transcript of plaintiff's administrative hearing, which by law must be filed with defendant's answer, 42 U.S.C. § 405(g), had not yet been prepared. On January 10, 1983, defendant's motion was granted in part, and defendant was allowed twenty days to file his response. Subsequently, defendant moved the Court to remand the case to the Secretary so that the Office of Hearings and Appeals of the Social Security Administration could attempt to locate plaintiff's hearing tape, which the agency cannot find.

■ Section 405(g) of 42 U.S.C. allows district courts to remand cases to the Secretary when good cause is shown. A district court faced with the Secretary's statement that he has lost the tape of a plaintiff's administrative hearing has little choice but to remand the case to the Secretary. A district court sits only as an appellate tribunal and has power to review only the validity of the agency's regulations and the conformity of the agency to its regulations. *Id.* District courts cannot generate a new record, and if the Secretary has no record to produce there is nothing for this Court to review. The Secretary, therefore, has shown cause to remand.

The purpose of the remand is not, however, to allow the Secretary an opportunity to find the lost tape. The Secretary and his department do not need permission of this Court to find their lost records. Defendant had a duty to find and transcribe the tape of plaintiff's proceedings before filing an answer to plaintiff's complaint. Defendant discovered that it could not locate the missing tape only when its extension of time to answer the complaint was about to expire. Defendant's assertion now that it needs time to search for the missing tape is somewhat disingenuous.

■ Plaintiff's case is remanded to the Secretary for a de novo hearing before an administrative law judge different from the ALJ who presided over plaintiff's original hearing. Further, plaintiff should receive his hearing on an expedited schedule. A court remanding a case to the Secretary "is vested with equity powers and, while it may not '[intrude] upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action.'" *Zambrana v. Califano,* 651 F.2d 842, 844 (2d Cir.1981) (quoting *Ford Motor Co. v. NLRB,* 305 U.S. 364, 373, 59 S.Ct. 301, 307, 83 L.Ed. 221 (1939)). Establishing a schedule for administrative action is within the Court's equitable powers. *Zambrana v. Califano, supra,* 651 F.2d at 844; *Williams v. Secretary of Health, Education and Welfare,* 481 F.Supp. 69, (S.D.N.Y.1979).

The exigencies of the instant case include the loss of a hearing tape and a casual pace in reporting the loss to this Court. Plaintiff's counsel asserts that plaintiff and his family subsist on a meager income. The Secretary will therefore be ordered to give this case precedence in receiving a hearing before an administrative law judge. If the Secretary again determines from the de novo hearing that plaintiff is not entitled to benefits, the Secretary shall prepare a transcript immediately and file an answer to plaintiff's complaint. *Williams v. Secretary of Health, Education and Welfare, supra,* 481 F.Supp. at 71. If the Secretary determines that plaintiff is entitled to benefits, he shall inform the Court of his decision forthwith. As an interlocutory order, the order to remand does not divest this Court of jurisdiction over the case. *See Good v. Weinberger,* 389 F.Supp. 350 (W.D.Pa.1975).