Ernest AVERY et al., Plaintiffs,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 82–3963–G.

United States District Court, D. Massachusetts.

Dec. 10, 1984.

Sarah Anderson, Linda Landry, Neighborhood Legal Services, Inc., Lynn, Mass., Judith Saltzman, Greater Boston Legal Services, Boston, Mass., Jack Fisher, Cambridge and Somerville Legal Services, Cambridge, Mass., Laura Rosenthal, Mass. Law Reform Institute, Boston, Mass., for plaintiffs.

Jamie W. Katz, Asst. Atty. Gen., Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

Plaintiffs brought the instant action seeking declaratory and injunctive relief against the Secretary of Health and Human Services ("the Secretary") for violating Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401 *et seq.*, Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, the regulations promulgated thereunder, and the Fifth and Fourteenth Amendments to the United States Constitution. On April 12, 1984, this court held that it had jurisdiction under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), over plaintiffs' challenges to the Secretary's policy of refusing to adhere to a medical improvement standard when terminating disability benefits, her use of a restrictive psychiatric standard for younger persons, and her failure to give adequate weight to claimants' complaints of pain. *Avery v. Heckler*, D.Mass. 1984, 584 F.Supp. 312. The court then certified the following class under F.R. Civ.P. 23(b)(2) with respect to the medical improvement issue:

> All SSI and SSDI beneficiaries residing in Massachusetts who have been or are receiving disability benefits and who, having presented claims of continuing disability, have been or will be disqualified from receiving benefits as a result of the Secretary's failure to adhere to a medical improvement standard when evaluating claims of continuing disability.

Plaintiffs' certification motion was denied with respect to the psychiatric standard

and evidence of pain issues because plaintiffs failed to meet the numerosity requirement of Rule 23(a), F.R.Civ.P. Therefore, the named plaintiffs were left to litigate their claims on these two issues on an individual basis.

On October 9, 1984, the President signed the Social Security Disability Benefits Reform Act of 1984 ("Disability Reform Act"), Pub.L. No. 98–460, 98 Stat. 1794 *et seq.* Section 2 of the new Act adopts a medical improvement standard as the standard of review for the termination of disability benefits. Under Section 2(d)(3) of the Act, the cases of all members of classes (other than named plaintiffs) certified on or before September 19, 1984 in class actions relating to medical improvement are to be remanded by the courts to the Secretary. The Act further requires that the Secretary notify these unnamed class members by certified mail that they may request a review of the Secretary's earlier determination that they were no longer disabled. Section 2(e) provides for the election of interim benefits by individuals while they await a redetermination by the Secretary.

The Disability Reform Act also addresses the pain and mental impairment issues raised by plaintiffs in this action. Section 3 of the Act contains a standard for the evaluation of pain and orders the Secretary to appoint a commission to study the evaluation of pain in determining whether an individual is under a disability. Section 5 provides that any individual who was found to be not disabled pursuant to an initial disability determination or a continuing eligibility review between March 1, 1981 and October 9, 1984 may reapply and be evaluated under a new mental impairment standard which must be promulgated by the Secretary within 120 days of October 9, 1984.

Subsequent to the statute's enactment, the parties filed numerous motions and extensive memoranda of law on both new and pending motions. The court heard oral argument on the following motions:

1) The Secretary's and plaintiffs' motions to remand.

2) The Secretary's motion to dismiss.

3) The Secretary's motion to alter or amend the definition of the class.

4) The Secretary's and plaintiffs' motions concerning notification procedures.

5) Motion to intervene as plaintiff by Frances Teague.

6) Plaintiffs' motion to amend complaint.

## I. *Cross-motions for Remand*

Pursuant to section 2(d)(3) of the Disability Reform Act, the parties have both moved that the court remand the cases of all unnamed class members to the Secretary.[1] The Secretary's motion further seeks an end to the court's jurisdiction over the class action once it orders remand. Plaintiffs' motion to remand asks for continuation of jurisdiction and various court orders implementing the provisions of the new Act.

Because the Act requires that the cases of the unnamed class members be remanded to the Secretary, the court grants the parties' motions to the extent that they request remand. However, the court rejects the Secretary's claim that it now lacks jurisdiction over the class action (see *infra* pp. 239–240). Furthermore, the court adopts plaintiffs' notification procedures in part only (see *infra* p. 241).

## II. *The Secretary's Motion to Alter or Amend the Definition of the Class*

The Secretary has moved that the definition of the certified class be amended by the court in two respects. Firstly, the Secretary requests that the class be limited to those persons who were terminated after March 1, 1981, at which time periodic eligibility reviews commenced. Secondly, the Secretary asks that the class be redefined

---

**1.** All named class members are currently receiving benefits or have been ordered into payment status. Therefore, their cases need not be remanded pursuant to Section 2(d)(2)(C) of the new Act.

to exclude those persons who have received an adverse decision from the United States District Court or the First Circuit Court of Appeals and who do not have an appeal pending before the First Circuit Court of Appeals.

■ The Disability Reform Act requires that the court remand to the Secretary the cases of all unnamed members of classes relating to medical improvement certified on or before September 19, 1984. This statutory remedy indicates that Congress intended to provide relief to *all* class members participating in class actions then pending before the courts. As noted in the Joint Explanatory Statement of the Committee of Conference, *Congressional Record,* H. 9828 (September 19, 1984), "[the new Act] provides that the existing certified classes will be covered by the new standard in order to resolve the existing controversy over the medical improvement issue in the courts." By redefining the class at this late date, we would frustrate congressional intent, as well as the justified expectations of class members. Therefore, the Secretary's motion to alter or amend the definition of the class is denied.

III. *The Secretary's Motion to Dismiss*

The Secretary has also moved to dismiss the complaint, claiming that the Disability Reform Act disposes of the three outstanding issues in this action: medical improvement, pain, and mental impairment.

A. *Medical Improvement*

According to the Secretary, the new Act's adoption of a medical improvement standard, in conjunction with the provision for remand of plaintiff class members' cases and payment of interim benefits, moots plaintiffs' claims concerning the medical improvement issue. Furthermore, the Secretary argues that once the court remands these cases to the Secretary, it lacks jurisdiction over the class or, alternatively, lacks the authority to impose procedures and deadlines on the Secretary for the implementation of the statute.

■ We agree that Congress' adoption of a medical improvement standard and statutory remedy for those claimants previously injured by the Secretary's failure to follow such a standard moots one of plaintiffs' claims, viz., that the Secretary has illegally refused to use a medical improvement standard.[2] However, the new Act's remedial provisions do not completely moot plaintiffs' cause of action. Nor does the Act limit this court's jurisdiction over the present action or its authority to ensure that plaintiffs' rights under the statute are fully protected.

As stated above, section 2 of the Disability Reform Act was enacted in response to the controversy in the courts surrounding the medical improvement issue. In the new Act, Congress adopted a standard similar to those adopted by most courts addressing this issue, but adamantly opposed by the Secretary, and provided a remedy for those plaintiffs and plaintiff class members whose benefits had been terminated without a finding by the Secretary of medical improvement. However, Congress failed to provide for the different problems which have and will continue to arise with respect to the complete implementation of this remedy, particularly with respect to the notification of unnamed plaintiff class members and the payment of interim benefits to plaintiffs who elect to receive them. Therefore, we conclude that plaintiffs' claims are not entirely moot.

The court's jurisdiction over this action continues to exist under section 205(g) of the Social Security Act. Nothing in the new Act has altered the basis for our finding of jurisdiction in this case. Courts retain jurisdiction during remand and may exercise their equitable powers during remand. *Zambrana v. Califano,* 2 Cir.1981, 651 F.2d 842, 844. Therefore, we have jurisdiction to oversee the implementation of the Congressional remedy in this case.

---

**2.** Therefore, we also find that plaintiffs' motion for partial summary judgment on the medical improvement issue is moot.

Furthermore, since the statute does not indicate any Congressional intent to preclude the courts from exercising their general equitable powers in order to ensure the proper implementation of the new Act, *Califano v. Yamasaki,* 1979, 442 U.S. 682, 705, 99 S.Ct. 2545, 2559, 61 L.Ed.2d 176, we do not lack the authority to impose procedures and deadlines on the parties.

### B. *Pain*

■ The Secretary has moved for dismissal as moot that part of plaintiffs' complaint which alleges that the Secretary has improperly refused to find claimants to be disabled on the basis of subjective complaints of pain and its intensity unless objective or clinical medical evidence demonstrates that there is a medical condition that could be reasonably expected to produce those symptoms. The Secretary argues, and we agree, that section 3 of the Disability Reform Act establishes a standard for evaluating pain which, according to the legislative history of the Act, adopts the Secretary's present regulations and policies.

■ Plaintiffs argue that they now challenge only Social Security Ruling 82–58, which they claim is inconsistent with the standard established both in the new Act and the Secretary's own regulations because it requires that claimants present clinical evidence of the *intensity* of their pain. However, the statute itself requires that statements of the claimant or his physician as to the intensity and persistence of pain be reasonably accepted as consistent with the medical signs and findings. Furthermore, the legislative history indicates that *all* of the Secretary's policies with respect to the pain issue were ratified by Congress in the new Act. Finally, we think that it would be premature to evaluate the Secretary's policies before she has had the opportunity to ensure that her regulations and policies comport with the new statutory standard.[3] Therefore, we hold that plaintiffs' claims concerning the pain issue are moot. The court also denies Frances

Teague's motion to intervene, since the basis of her complaint is a challenge to the Secretary's pain policy. Similarly, plaintiffs' motion to amend their first amended complaint to add a class action concerning the pain issue is also denied.

### C. *Mental Impairment*

The next issue to address is whether this court should dismiss plaintiffs' complaint with respect to their claim that the Secretary has refused to find 18–49 year old claimants, whose sole impairments are mental, to be disabled unless their mental impairments fall within the listed impairments in Appendix 1 to the Secretary's regulations. According to the legislative history, section 5 of the Disability Reform Act was enacted in response to claims that the Secretary has been evaluating these claimants under an illegal standard. Under section 5, any individual with a mental impairment who was found to be not disabled between March 1, 1981 and October 9, 1984 may reapply and be evaluated under a new mental impairment standard which must realistically evaluate that individual's ability to work. This new standard must be enacted by the Secretary within 120 days of October 9, 1980. Claimants who are determined to have been wrongfully denied benefits will receive one year of retroactive benefits.

■ Plaintiffs oppose dismissal on the grounds that the Disability Reform Act does not provide plaintiffs, nor their proposed class, with all of the relief they seek, namely, notification procedures to inform claimants of their rights under the new Act, retroactive benefits extending back in time further than one year, and relief for persons wrongfully terminated prior to March 1, 1981. True, plaintiffs' claims are not mooted on these issues. However, for this court to go beyond the statutory remedy by granting plaintiffs' further requests for relief would, in our opinion, violate the intent of Congress, which was to provide a

---

**3.** If at a later date plaintiffs believe that the Secretary has not complied with the standard

adopted by Congress, they would certainly be free to bring a new action.

legislative remedy in response to contentions that the Secretary employed an illegal standard in evaluating mentally impaired persons. *See*, Remarks of Senator Moynihan, *Congressional Record*, S. 11463 (September 19, 1984). Therefore, we dismiss plaintiffs' claims with respect to this issue. We also deny plaintiffs' motion to amend their complaint to add a class action which would contest the Secretary's policies concerning mental impairment.[4]

## IV. *Cross-motions Concerning Notification Procedures*

It is undisputed that in order to preserve the plaintiff class members' rights under the new Act, notification of the unnamed class members and the payment of interim benefits must be done expeditiously. However, the statute does not provide that uniform notification and reinstatement procedures be established by the Secretary. Congress clearly intended to establish a uniform standard of review for the termination of disability benefits which would incorporate a medical improvement standard. On the other hand, it did not indicate that the implementation of its statutory remedy must be uniform. After reviewing the parties' memoranda and proposed orders, we adopt the timetable for notification of class members proposed in plaintiffs' version, with modifications. Therefore, the Secretary is ordered to notify by January 15, 1985 those class members whose benefits were terminated on or after March 1, 1981, and by February 15, 1985 those class members whose benefits were terminated between June 1, 1976 and March 1, 1981. We further order that the parties negotiate with each other concerning procedures for notification and for determining class membership. The court has not adopted plaintiffs' proposals regarding the payment of interim benefits, but orders the parties to negotiate with respect to that issue as well.

**4.** Additionally, on April 12, 1984 class certification on the mental impairment issue was denied for failure to meet the numerosity requirement of Rule 23(a), F.R.Civ.P. Plaintiffs have not

## V. *Summary*

The court grants the parties' motions to remand the cases of all unnamed class members to the Secretary. The Secretary's motion to alter or amend the definition of the class is denied. Her motion to dismiss is denied with respect to the medical improvement issue, but granted with respect to the pain and mental impairment standard. The motion to intervene as plaintiff by Frances Teague is denied. Plaintiffs' motion to amend their complaint is also denied. Finally, the court adopts plaintiffs' motion for notification of class members in part, as delineated in the court's procedural order filed today, and denies the Secretary's motion relating to this issue.

sought to add any new plaintiffs contesting the Secretary's policies, nor provided the court with any new basis for certifying a class at this time.