**Mario LOPEZ, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, et al., Defendants.**

**Civ. No. 83–0697–WPG[T].**

United States District Court, C.D. California.

Dec. 17, 1984.

---

4. *See supra* note 1.

Bruce Iwasaki, Elena H. Ackel, Legal Aid Foundation of Los Angeles, Los Angeles, Cal., Lew Hollman, James Carroll, San Fernando Valley Neighborhood Legal Services, Inc., Pacoima, Cal., Jim Preis, Barbara Bennett, Mental Health Advocacy Services, Inc., Mary Burdick, Western Center on Law and Poverty, Inc., Marilyn Holle, Protection and Advocacy, Inc., Ellen Finkelberg, Louis Finkelberg, Frankel & Finkelberg, Los Angeles, Cal., Richard Donaldson, Las Vegas, Nev., Sally Hart Wilson, Peter Komlos-Hrobsky, Neal S. Dudovitz, National Senior Citizens Law Center, Dan Stormer, Litt & Stormer, Los Angeles, Cal., Edward Ober, Community Legal Services, Phoenix, Ariz., Roberta Lindberg, Lane County Legal Aid Service, Inc., Eugene, Ore., Martin Wegbreit, Client Centered Legal Services of Southwest Virginia, Castlewood, Va., Dan Brzovic, Bet Tzedek, Los Angeles, Cal., for plaintiffs.

Brian Kennedy, Justice Dept., Washington, D.C., for defendants.

GRAY, District Judge.

Upon consideration of Defendants' and Plaintiffs' papers filed in conjunction with Defendants' motion for Dismissal and Remand and the December 10, 1984, —— U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694, order of the Supreme Court in this case, and upon hearing oral argument, it is hereby ordered

1. That the claims of the named plaintiffs be and hereby are remanded to the Secretary pursuant to section 2(d)(2)(C) of the Social Security Disability Benefits Reform Act of 1984.

2. That the definition of the class certified on June 16, 1983, and orally clarified on July 13, 1983, be and hereby is clarified as follows:

a. The class consists of all persons

i) who live or lived within this circuit when a determination/decision of cessation of disability issued;

ii) who receive or received Supplemental Security Income disability benefits or Social Security Disability benefits;

iii) who have been determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits were provided has ceased, does not exist, or is not disabling; and

iv) (A) who received Supplemental Security Income disability benefits under the grandfather clause of the Social Security Act and who were determined no longer to be entitled to benefits, or who were appealing such a determination, or who had time remaining in which to appeal such a determination, or whose benefits terminated (as defined in SSA teletype "Emergency DI/SSI Instructions OD–84–006(2070)" transmitted January 11, 1984) on or after August 25, 1980, or

(B) who were determined no longer to be entitled to benefits, who were appealing such a determination, who had time remaining in which to appeal such a determination, or whose benefits terminated (as defined in SSA teletype "Emergency DI/SSI Instructions OD–84–006(2070)" transmitted January 11, 1984) on or after August 30, 1981.

b. The class includes persons who appealed their determination by timely filing in court following receipt of an Appeals

Council decision but who have not received a final judgment on the merits.

c. The class excludes all persons who are members of the classes certified in *Morrison v. Schweiker*, W.D.Wash., No. C–82–88V, *Siedlecki v. Schweiker*, W.D. Wash., 563 F.Supp. 43, and *Ramirez v. Schweiker*, D.Idaho, No. 82–1240.

3. [Paragraph No. 3 omitted by request of Court]

4. That the claims of unnamed class members be and hereby are remanded to the Secretary for proceedings pursuant to Section 2(d)(3) of the Social Security Disability Benefits Reform Act of 1984.

5. That this Court retain jurisdiction over this cause in order to be able to take further appropriate steps in light of the Social Security Disability Reform Act of 1984 and in light of the Court's prior orders.