Eugene PICKETT, on behalf of himself and others similarly situated, Plaintiffs,

v.

Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.

No. 83–3087–Civ.

United States District Court, S.D. Florida, Miami Division.

March 1, 1985.

Paulette Ettachild, Legal Services of Greater Miami, Inc., Miami, Fla., for plaintiffs.

Jason R. Baron, Trial Atty., Office of Gen. Counsel, Social Sec. Admin., Baltimore, Md., Maria Arista-Volsky, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM DECISION

HOEVELER, District Judge.

The plaintiff Eugene Pickett brought this action on his own behalf and on behalf of all others similarly situated seeking declaratory and injunctive relief invalidating the refusal of the Defendant, Secretary of the Department of Health and Human Services ("Defendant-Secretary"), to follow the Eleventh Circuit's "medical improvement standard" in terminating Social Security benefits. Specifically, the plaintiffs seek relief for alleged violations of Title II (42 U.S.C. § 401 *et seq.*) and Title XVI (42 U.S.C. § 1381 *et seq.*) of the Social Security Act.

On September 18, 1984, the Court certified the following class under Fed.R.Civ.P. 23(b)(2):

> All residents of the State of Florida whose disability benefits under Title II and Title XVI of the Social Security Act are, have been, or will be terminated without substantial evidence of medical improvement as required by *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir.1982) and whose claims for disability benefits were administratively active on or after November 12, 1982. This class excludes recipients whose benefits are or will be terminated upon proof of any of the following: a. Return to substantial gainful employment; b. Whereabouts unknown; c. Failure to cooperate; d. Admission of recovery; e. Financial ineligibility.

On October 9, 1984, the President signed the Social Security Disability Benefits Reform Act of 1984 ("the Act"), Pub.L. 98–460, 98 Stat. 1794 *et seq.* Section 2(a) of the Act adopts a medical improvement standard as the standard of review for the termination of disability benefits. Under Section 2(d)(2) of the Act, the claims of all named plaintiffs in class actions relating to medical improvement pending on September 19, 1984 are to be remanded to the Defendant-Secretary. Under Section 2(d)(3) of the Act, the claims of all unnamed members of class actions relating to medical improvement certified on or before September 19, 1984 and pending on September 19, 1984 are to be remanded to the Defendant-Secretary. The Act further requires that the Defendant-Secretary notify the unnamed class members by certified mail that they may request a review of the Defendant-Secretary's determination that they were no longer disabled. Section 2(e) of the Act provides for the election of interim benefits by individuals while they await a redetermination of benefits. Section 2(g) of the Act provides that the Defendant-Secretary shall prescribe regulations necessary to implement the Act within 180 days of the enactment of the Act.

Under Section 2(d)(6) of the Act, an "action relating to medical improvement" is defined as:

> an action raising the issue of whether an individual who has had his entitlement to benefits under Title II, XVI, or XVIII of the Social Security Act based on disability terminated (or period of disability ended) should not have had such entitlement terminated (or period of disability ended) without consideration of whether there has been medical improvement in the condition of such individual (or another individual on whose disability such entitlement is based) since the time of a prior determination that the individual was under a disability.

After enactment of the Act, the Defendant-Secretary moved for remand and dismissal of the instant cause. The Court heard oral argument on those motions.

### A. *Motion for Remand*

■ The parties have agreed that the claims of both the named plaintiff and the unnamed class members should be remanded to the Defendant-Secretary. However, the parties are in dispute as to what the nature of the remand should be and as to whether the court may retain jurisdiction over this cause subsequent to the remand to the Defendant-Secretary.

As to the named plaintiff, the plaintiffs' counsel argues that the claim should be remanded to the Secretary solely for determination of retroactive benefits. The named plaintiff currently is receiving benefits as a result of the Court's temporary restraining order, entered December 21, 1983.

Plaintiffs' counsel argues that the claim of the named plaintiff is not an "action relating to medical improvement" within the meaning of the Act. The administrative law judge ("ALJ") in the named plaintiff's case found that the Defendant-Secretary had not met her burden under *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir. 1982), in terminating the named plaintiff's benefits. The Social Security Appeals Council then overturned the ALJ's determination, refusing to follow the Eleventh Cir-

cuit standard. Plaintiffs' counsel argues that there is no need to remand for a new hearing because the only issue to be resolved is what standard should have been applied and that can be resolved as a matter of law.

Before the enactment of the Act, the Defendant-Secretary had moved to remand the claim of the named plaintiff for further action by the Defendant-Secretary under 42 U.S.C. § 405(g). The basis for the motion was that the Office of Hearings and Appeals was unable to locate the named plaintiff's hearing tape. The Defendant-Secretary sought remand for a new hearing.

The Court notes the problems for the named plaintiff caused by the Defendant-Secretary's refusal to apply the Eleventh Circuit standard for medical improvement in the named plaintiff's case. These problems have been compounded by the loss of the hearing tape. However, the claim of the named plaintiff is an "action relating to medical improvement" as defined in Section 2(d)(6) of the Act. Congress has determined what the standard should be for termination in medical improvement cases in Section 2(a) of the Act. There is no exception to the remand provision of the Act for cases in which, at one stage of the administrative process, it was determined that the Secretary had not met a judicial medical improvement standard.

As to the claims of the unnamed class members, the Defendant-Secretary seeks an end to the Court's jurisdiction over the class action after remand. The plaintiffs argue for a continuation of jurisdiction and have asked the Court to set conditions and a timetable on the remand in order to implement the provisions of the Act.

The Court interprets the Act as requiring that the claims of both the named plaintiff and of the unnamed class members be remanded to the Defendant-Secretary for review in accordance with the standard set forth in the Act. Therefore, the Court grants the motion for remand insofar as it seeks remand of the claims to the Defendant-Secretary. However, the Court rejects the Defendant-Secretary's argument that the cause should be dismissed and adopts the notification, payment and monitoring procedures sought by the plaintiffs.

## B. *Motion to Dismiss*

The parties have pointed out that the Act is silent as to the content of the order of remand. According to the Defendant-Secretary, this silence reflects a Congressional intent that after remand there should be no role for the federal district courts in the notification, interim benefits, or review procedures.

█ In reviewing the legislative history cited by the Defendant-Secretary, the Court notes that it was the clear intent of the Congress to provide uniformity in the administrative process by enacting a statutory medical improvement standard for the termination of Social Security disability benefits. The Act was intended to resolve the major differences in statutory interpretation between the Defendant-Secretary and the courts. H.R.Conf.Rep. No. 98–1039, 98th Cong., 2d Sess., 38, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3038, 3080, 3096. However, the legislative history reveals no clear intent that the judiciary should not have any role in establishing remand procedures.

The Court finds support for its position in the decisions of other district courts who have retained jurisdiction over class actions relating to medical improvement after remand of the claims of named plaintiffs and unnamed class members. *Holden v. Heckler*, No. C84–548 (N.D. Ohio Jan. 17, 1985); *Lopez v. Heckler*, 106 F.R.D. 268 (C.D.Cal.1984); *Avery v. Heckler*, 599 F.Supp. 236 (D.Mass.1984). Another district court, while dismissing a class action relating to medical improvement, ordered notification procedures to be followed by the Defendant-Secretary on remand and stated that the order did not prevent the plaintiffs from seeking to have the court enforce the relief provided in the order. *Young v. Heckler*, No. 83–5321 (S.D.Ill. Nov. 16, 1984).

As the court in *Avery v. Heckler* stated:

Congress failed to provide for the different problems which have and will continue to arise with respect to the complete implementation of this remedy, particularly with respect to the notification of unnamed plaintiff class members and payment of interim benefits to plaintiffs who elect to receive them.

.　　.　　.　　.　　.

Courts retain jurisdiction during remand and may exercise their equitable powers during remand. *Zambrana v. Califano*, 2 Cir.1981, 651 F.2d 842, 844. Therefore, we have jurisdiction to oversee the implementation of the Congressional remedy in this case. Furthermore, since the statute does not indicate any Congressional intent to preclude the courts from exercising their general equitable powers in order to ensure the proper implementation of the new Act, *Califano v. Yamasaki*, 1979, 442 U.S. 682, 705 [99 S.Ct. 2545, 2559, 61 L.Ed.2d 176], we do not lack authority to impose procedures and deadlines on the parties.

At 239–240.

Indeed, the Court's Order of Remand ("Court's order") in this cause has a minimal impact on the one post-remand procedure which the Joint Explanatory Statement of the Committee on Conference addressed. The conference report expressed concern about the administrative difficulty in identifying and notifying individuals eligible to have their cases redetermined and stated that it expected the Defendant-Secretary to act "expeditiously". H.R.Conf. Rep. No. 98–1039, 98th Cong., 2d Sess., 28, *reprinted in* 1984 U.S.Code Cong. & Ad. News, 3080, 3085.

The Defendant-Secretary has represented to the Court that the identification procedures would be completed and notices would be available to be released on or about February 15, 1985. *See* Declaration of Nancy J. Dapper attached to Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Remand, dated Dec. 13, 1984. The Court's order in this cause allows the Defendant-Secretary a period of over one month beyond the date on which the Defendant-Secretary has stated she would be ready to proceed. The Court's order does not interfere with the Defendant-Secretary's administration of the notification procedure. In addition, the Court's order only requires that the notice sent by the Defendant-Secretary to the unnamed class members comply with the specific requirements of the Act.

The Court's order also provides that the Defendant-Secretary shall resume monthly disability benefits within thirty (30) days of the date of election by a class member under Section 2(e) of the Act. However, the Court's order in this regard remains in effect only until such time as the Defendant-Secretary prescribes a regulation for a uniform time period for resumption of monthly benefits to a class member who makes an election of benefits. The Court's order is designed to provide prompt restoration of benefits to class members who would suffer ongoing and extreme hardship if resumption of benefits were to be delayed. This provision of the Court's order is necessary to implement the remedial purpose of the Act and serves to alleviate hardship until such time as the Defendant-Secretary prescribes appropriate regulations to apply the Act under Section 2(g). *See, Thomas v. Heckler*, 602 F.Supp. 925, 927–930 (M.D.Ala.1984).

The Defendant-Secretary has brought to the attention of the Court the Eighth Circuit's decision in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984). In that case, the Eighth Circuit directed that the claims of the named and unnamed plaintiffs in the class action concerning medical improvement be remanded to the Defendant-Secretary and that the case be dismissed. While the Defendant-Secretary urges that *Polaski* supports her position, the reasoning in the opinion does not conflict with the actions which this Court has taken.

In *Polaski*, the Eighth Circuit read the Act as requiring that all claims in the class action, including those of named and unnamed class members, should be initially resolved by the Defendant-Secretary pursuant to Section 2(d) of the Act. The court

stated, "In accordance with this objective, we dismiss the class action concerning the medical improvement cases." At 947. The plaintiffs' counsel in *Polaski* had argued that the class members should be allowed to have their claims determined by a court with jurisdiction over the claim and that unnamed class members should have an automatic adjudication of their claims without making the request required by Section 2(d)(3) of the Act. Both types of relief sought by the plaintiffs in that case are clearly in conflict with specific provisions of the Act.

The Court's order in the instant cause remands all claims to the Defendant-Secretary. Nothing in the order conflicts with the specific provisions of the Act. In contrast to the Eighth Circuit, the Court finds that the implementation of the Act does not require dismissal of this cause.

The final issue before the Eighth Circuit was the propriety of that portion of the district court's preliminary injunction setting out a timetable for, and the content of, the notification to be sent by the Defendant-Secretary to the unnamed class members. The court noted the conference report's concern over the administrative difficulty in accomplishing the notification of unnamed class members and reversed the lower court. At 947. As set forth above, the notification procedures in the Court's order do not interfere with the administrative process.

### C. *Summary*

The Court grants the Defendant-Secretary's motion to remand the case of the named plaintiff and the cases of the unnamed class members. The Defendant-Secretary's motion to dismiss is denied. The Court adopts the notification, payment and monitoring procedures sought by the plaintiffs.

### ORDER OF REMAND

THIS CAUSE came before the Court upon the Motion to Remand Pursuant to New Social Security Legislation and the Motion to Dismiss of the Defendant, Secretary of the Department of Health and Human Services ("Defendant-Secretary"), and the Plaintiffs' responses thereto. The Court, having considered the pleadings and memoranda of law, and otherwise being advised in the premises, finds as follows:

1. The Court certified this cause as a class action under Fed.R.Civ.P. 23(b)(2) on September 18, 1984 and such class action was pending on September 19, 1984. The certified class was defined as follows:

All residents of the State of Florida whose disability benefits under Title II and Title XVI of the Social Security Act are, have been, or will be terminated without substantial evidence of medical improvement as required by *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir.1982) and whose claims for disability benefits were administratively active on or after November 12, 1982. This class excludes recipients whose benefits are or will be terminated upon proof of any of the following: a. Return to substantial gainful employment; b. Whereabouts unknown; c. Failure to cooperate; d. Admission of recovery; e. Financial ineligibility.

The parties have agreed that the class opens 65 days prior to the November 12, 1982 date specified in the Court's order. *See* Defendant's Post-Hearing Memorandum for Clarification, dated February 21, 1985.

2. As to the named plaintiff, Eugene Pickett, and his claim and as to the unnamed class members and their claims, this is an "action relating to medical improvement" and the provisions of the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, 98 Stat. 1794 *et seq.* (Oct. 9, 1984) (hereinafter, "the Act") are applicable.

3. The interruption of disability benefits has caused the class irreparable injury including inability to afford housing, adequate diet, medication and medical care.

4. Section 2(d)(3) of the Act requires that the Court remand the cases of the unnamed class members to the Defendant-Secretary.

5. Section 2(d)(3) of the Act requires the Defendant-Secretary to notify each unnamed class member, by certified mail, that he may request review of his eligibility for disability benefits and may elect to have disability payments made beginning with the month in which he makes such election.

6. Section 2(d)(2) of the Act requires that the Court remand the case of the named plaintiff, Eugene Pickett, to the Defendant-Secretary.

7. On December 21, 1983, the Court entered a temporary restraining order which ordered the Defendant-Secretary, her agents, assigns and successors in office to reinstate the named plaintiff's Social Security Disability Insurance and Medicare benefits immediately.

8. Section 2(e) of the Act provides that an individual whose case is remanded to the Defendant-Secretary may elect payment of interim benefits beginning with the month in which he makes such election.

9. Section 2(g) of the Act provides that the Defendant-Secretary shall prescribe regulations necessary to implement the amendments contained in Section 2 within 180 days of the enactment of the Act.

Therefore, it is ORDERED AND ADJUDGED as follows:

1. The claims of the unnamed class members are remanded to the Defendant-Secretary pursuant to Section 2(d)(3) of the Act.

2. Within twenty (20) days of the date of this order, the Defendant-Secretary shall notify each unnamed class member by certified mail that he may request review of his eligibility for disability benefits and may elect to have disability payments made beginning with the month in which he makes such election. The notice also shall include all information required by the Act to be included in such notice. Within the same time period, the Defendant-Secretary shall provide plaintiffs' counsel with the names and last known addresses of the unnamed class members.

3. Until such time as the Defendant-Secretary prescribes a regulation for a uniform time period for resumption of monthly disability benefits to a class member who makes an election under Section 2(e) of the Act, the Defendant-Secretary, within thirty (30) days of the date of election by a class member, shall resume monthly disability benefits beginning with the month in which each unnamed class member elects resumption of benefits as provided in paragraph 2 of this order.

4. The claim of the named plaintiff, Eugene Pickett, is remanded to the Defendant-Secretary pursuant to Section 2(d)(2) of the Act. The Court remands the case of the named plaintiff to the Defendant-Secretary in accordance with the Act for the Defendant-Secretary to determine either a) that she will continue the benefits which the named plaintiff is receiving rather than contest the issue of his medical improvement, in which case retroactive benefits should be paid, or b) that she will review the case of the named plaintiff under the standard for medical improvement set forth in the Act.

5. The Court's temporary restraining order, dated December 21, 1983, which ordered the reinstatement of the named plaintiff's Social Security Disability Insurance and Medicare benefits remains in effect. In addition, this order shall serve as notice to the Defendant-Secretary of the named plaintiff's election of benefits under Section 2(e) of the Act as of March 1985.

6. The Defendant-Secretary shall allow plaintiffs' attorneys access to the claims files of class members in order to allow plaintiffs' attorneys to monitor compliance with this order.

7. The Court will retain jurisdiction over this cause to take further action consistent with the Act.